UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASIM PASHOLLI,<br><br>Petitioner,<br><br>v.<br><br>PATRICK DIVVER, et al.,<br><br>Respondents. | Case No.: 3:26-cv-1296-CAB-MSB<br><br>**ORDER:**<br>**(1) DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT [Doc. No. 2]; and**<br><br>**(2) TO RESPOND** |

Petitioner Asim Pasholli ("Petitioner") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, [Doc. No. 1 ("Petition")], and a motion for a temporary restraining order, [Doc. No. 2 ("TRO")]. Petitioner alleges he has been unlawfully detained by Immigration and Customs Enforcement ("ICE") since September 5, 2025 when ICE detained him to execute his final order of removal from 2009. [Petition at 4.]

Having reviewed the Petition, the Court finds summary dismissal is unwarranted at this time. *See Kourteva v. INS*, 151 F. Supp. 2d 1126, 1128 (N.D. Cal. 2001) ("Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false.").

///

///

Accordingly, the Court **ORDERS** as follows:

1. Respondents shall file a response to the Petition by **March 11, 2026**. The response must address the allegations in the Petition and must include any documents relevant to the determination of the issues raised.

2. Petitioner may file a reply by **March 16, 2026**.

3. To maintain the status quo, Respondents, their officers, agents, servants, employees, attorneys, and other persons who act in concert or participation with Respondents **SHALL NOT** transfer Petitioner outside of the Southern District of California pending the Court's resolution of the Petition.[1] Accordingly, Petitioner's motion for TRO, [Doc. No. 2], is **DENIED** as moot.

4. The Clerk of Court shall provide the Civil Division of the U.S. Attorney's Office with a copy of the Petition and this Order.

It is **SO ORDERED**.

Dated: March 4, 2026

Hon. Cathy Ann Bencivengo
United States District Judge

---

[1] *See Doe v. Bondi*, Case No. 3:25-cv-805-BJC-JLB, 2025 WL 1870979, at *1 (S.D. Cal. June 11, 2025) ("Federal courts retain jurisdiction to preserve the status quo while determining whether [they have] subject matter jurisdiction over a case and while a petition is pending resolution from the court.") (collecting cases).