UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

ASIM PASHOLLI

Petitioner,

v.

PATRICK DIVVER, et al.,

Respondents.

Case No.:  26-cv-1296-CAB-MSB

**ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS**

Petitioner Asim Pasholli has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  [Doc. No. 1 ("Petition").]  He claims that his detention by Immigration and Customs Enforcement ("ICE") is prolonged and indefinite in violation of 8 U.S.C. § 1231(a)(6) and *Zadvydas v. Davis*, 533 U.S. 678 (2001).  [*Id*. at 6–8.]  For the following reasons, the Court **DENIES** the Petition.

**I.    BACKGROUND**

Petitioner is an Albanian citizen who has been in ICE detention since September 5, 2025.  [Petition at 1–2; Doc. No. 7 at 2.]  He was ordered removed to Albania on November 17, 2007 and this order of removal became final on July 24, 2009.  [Doc. No. 7 at 2.]  Petitioner does not provide the circumstances of his detention in September 2025; Respondents assert that "ICE detained Petitioner to execute his order of removal to Albania."  [Doc. No. 7 at 2.]

1

Respondents attest that ICE received a travel document from Albania on December 24, 2025 and Petitioner was subsequently scheduled for removal flights on at least three occasions since January 2026.  [Doc. No. 7 at 2.]  The first flight in January 2026 was unsuccessful because the airline cancelled Petitioner's ticket due to being oversold; the second flight in February 2026 was unsuccessful because Petitioner refused to leave the detention facility; and the third flight in the first week of March 2026 was cancelled when Petitioner filed the instant Petition.  [*Id.*]  Respondents state that they are not aware of anything that would prevent Petitioner's removal to Albania once the Petition is resolved. [*Id.*]

## II.    LEGAL STANDARD

A writ of habeas corpus challenges the legality of a petitioner's custody and seeks to secure release from that illegal custody.  Under 28 U.S.C. § 2241, a district court may grant a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States."  The petitioner bears the burden of demonstrating that he is in illegal custody.  *See Martinez v. Noem*, No. 25-CV-2740-BJC-BJW, 2025 WL 3171738, at *2 (S.D. Cal. Nov. 13, 2025).

## III.    DISCUSSION

Under 8 U.S.C. § 1231(a)(1)(A), (a)(2), a noncitizen shall be detained for a 90-day removal period following their final order of removal.  Certain noncitizens may also be detained beyond this removal period under 8 U.S.C. § 1231(a)(6).  But in *Zadvydas*, 533 U.S. 678, the Supreme Court limited how long a noncitizen subject to a final order of removal may be detained pending their removal under § 1231(a)(6).  After a presumptively reasonable 6-month detention period, "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Zadvydas*, 533 U.S. at 701.

Here, Petitioner has not shown good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future, particularly in the face of

26-cv-1296-CAB-MSB

Respondents' affidavit that they have a travel document for Petitioner and may remove him expeditiously. Petitioner's only rebuttal to Respondents' evidence is that they do not have a flight currently booked for his removal and so his removal is not "imminent." But the Court will not fault Respondents for respecting this Court's prohibition on moving Petitioner while his Petition is pending. Nor will the Court require Respondents to provide more evidence than it has without any evidence from Petitioner contradicting Respondents' detailed accounting of the attempts to remove Petitioner, or even *any* other evidence to disprove that the only thing preventing Petitioner's removal in the reasonably foreseeable future is Petitioner himself.

Furthermore, under § 1231(a)(1)(C) the usual removal period "shall be extended beyond a period of 90 days and the alien may remain in detention during such extended period if the alien fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal." *Lema v. I.N.S.*, 341 F.3d 853, 855–56 (9th Cir. 2003). *See also id.* at 856 (alien refused to "cooperate fully and honestly with officials to secure travel documents"); *Pelich v. I.N.S.,* 329 F.3d 1057, 1059 (9th Cir. 2003) (alien refused to fill out passport application). Though Petitioner takes issue with the extent of Respondents' record-keeping with respect to Petitioner's refusals, Respondents have provided specific dates documenting their attempts to remove Petitioner and how Petitioner's refusal to leave the detention center and filing of this Petition thwarted these attempts. [Doc. No. 7-1 at 3–4.] In such cases, "when an alien refuses to cooperate fully and honestly with officials to secure travel documents from a foreign government, the alien cannot meet his or her burden [pursuant to *Zadvydas*] to show there is no significant likelihood of removal in the reasonably foreseeable future." *Lema*, 341 F.3d at 856.

The Court therefore finds that Petitioner's detention is lawful under 8 U.S.C. § 1231 and the Supreme Court's *Zadvydas* decision.

///

///

## IV.    CONCLUSION

For the foregoing reasons, the Court **DENIES** the request for a writ of habeas corpus. The Clerk of the Court shall close the case.

It is **SO ORDERED.**

Dated: April 2, 2026

_____
Hon. Cathy Ann Bencivengo
United States District Judge

4

26-cv-1296-CAB-MSB